PER CURIAM.
This Florida Bar disciplinary proceeding is before the Court for consideration of the report of the referee. The uncontested report is before us pursuant to rule 3-7.6 of the Rules Regulating The Florida Bar.
*226 The referee found that respondent advised and represented a businessman who wanted to form a corporation. In organizing the corporation, the client wanted to issue stock to raise the capital needed to purchase his partner’s interest in an established business. The client also wanted to issue promissory notes to the share purchasers providing that upon payment of the notes, the shares of stock would be transferred to him. Respondent prepared documents and advised about the legal arrangements needed to realize his client’s financing plan.
Certain individuals invested money in the corporation. They were told that their stock-purchase funds would be held in escrow until a certain minimum number of shares were sold. However, the funds held in escrow were disbursed to the organizer of the corporation without fulfillment of the condition that a certain number of shares be sold. Ultimately, the business went bankrupt and the purchasers of shares were unable to recover their invested funds.
The referee reached the following conclusions regarding respondent’s conduct in the matter:
In preparing the various agreements to this transaction, the respondent created a situation wherein his client, Mr. Radcliff, was not properly protected regarding the stock being issued and the investors received assurances which were meaningless regarding the proposed sale which was consummated upon other terms and without their prior knowledge or consent. The promissory notes cited the stock as a collateral which stock was not collateralized nor part of a stock pledge agreement. Further, there was no mechanism to force the return of the stock in the event a shareholder refused after being paid. Mr. Radcliff held 550 shares issued at a much lower value per share creating two classes of common stock not authorized by The Articles of Incorporation. Finally, it was difficult to determine from the structure the respondent created whether the investors were merely loaning money to the corporation for the purchase or whether they were purchasing an interest in the corporation.
The referee recommended that respondent be found guilty of violating the former Integration Rule of The Florida Bar, article XI, rule 11.02(4), based on the finding that he violated the terms of the escrow agreement made with the stock purchasers. The referee also recommended that respondent be found guilty of violating the following provisions of the former Florida Bar Code of Professional Responsibility: Disciplinary Rule 1-102(A)(6) (conduct adversely reflecting on fitness to practice law); Disciplinary Rule 6-101(A)(l) (handling a matter he was not competent to handle under the circumstances); Disciplinary Rule 6-101(A)(2) (handling a matter without adequate preparation); and Disciplinary Rule 9-102(B)(4) (mishandling trust funds in violation of the escrow agreement).
The referee recommends that respondent be given a public reprimand by personal appearance before the Board of Governors of The Florida Bar. The respondent has not filed a petition for review of the referee’s report, nor has The Florida Bar. We approve the referee’s report and impose discipline accordingly. Attorney Ronald P. Whitley shall appear before the Board of Governors to receive a public reprimand.
The costs of this proceeding are taxed against the respondent. Judgment is entered against Ronald P. Whitley for costs in the amount of $1,669.46, for which sum let execution issue.
It is so ordered.
MCDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.